J. M. STEWART ET AL. V. D. H. PURVIS ET AL.

Decided March 25, 1899.

**Public Schools—Appointment of Trustees.**

A county superintendent of education has not the power to appoint school trustees for towns and villages incorporated for free school purposes, where the duly elected trustees hold over after the expiration of their term because of a failure to elect trustees to succeed them. Articles 3953, 3953a, 3999, Revised Statutes, construed.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*A. J. Booty* and *Q. T. Moreland,* for appellant.

*Gillespie & Smith,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The question of law to be decided in this case, there being no dispute about the facts, is whether the county superintendent of public instruction has the power to appoint trustees for towns and villages incorporated for free school purposes, as provided in chapted 15, Revised Statutes, where the duly elected trustees hold over, after the expiration of their term of office, in consequence of a failure to hold an election at the appointed time to choose their successors.

Article 3999 of this chapter of the Revised Statutes provides that the trustees for a town or village so incorporated for school purposes only "shall be elected in the same manner and at the same time," and that their "term of office shall be the same as that of trustees of districts." Turning to the articles of the statute thus referred to, we find that article 3953, after fixing the first Saturday in June as the time for the election, provides that "the trustee or trustees so elected shall serve for two years, and until their successor or successors shall have been elected or appointed and shall have been qualified." Article 3953a provides how the election shall be held, and further provides, in that connection, that "if no election be held, or if a vacancy occur in the board of trustees by death or otherwise, the county superintendent shall at once appoint a trustee or trustees as may be necessary, for the full or unexpired term."

It is thus seen that these two articles not only provide for the time and manner of election and term of office of trustees of school districts, but also for appointment by the county superintendent in case of no election or vacancy. Is it therefore to be inferred that the Legislature intended to confer a like power of appointment on the county superintendent where a town or village has been incorporated for free school purposes?

We think not. It is clear that the only article in the chapter (15) on the subject of free schools in towns and villages incorporated for free school purposes which provides for the selection of trustees for such towns or villages is article 3999, and it is equally clear that the only method provided in this article of selecting them is by election. It refers to arti-

cles affecting trustees of districts only for the time and manner of election and the term of office, and to that extent and no further are those articles adopted as a part of chapter 15. In so far as they further provide in certain contingencies for filling the office of district trustee by appointment they are not referred to or adopted.

It may be that no good reason can be given why this was not done, other than that it was overlooked by the Legislature—a casus omissus; but if so, the defect should be cured by amendment and not by construction. Possibly, under section 10, article 11, of the Constitution, the Legislature could not confer such power of appointment upon the county superintendent, since that article provides that the Legislature may constitute any city or town a "separate and independent school district."

It may be argued that when a town—in this instance Glenwood, a suburb of Fort Worth—becomes incorporated as a *separate* and *independent* school district, the selection of trustees to manage its affairs could not consistently with this article of the Constitution be conferred in any event upon an outsider and a stranger to the corporation. But however this may be, there is a clear and well understood difference between filling offices by election and by appointment,—one that permeates the Constitution and laws as well as current political history and thought,— and in expressly declaring that the trustees of a town or village incorporated for free school purposes "shall be elected," the Legislature excluded their selection by appointment. Any other construction would require us to insert in article 3999, after the word "elected," the words "or appointed," and thus make a different and, possibly, better law than was made by the Legislature; but that is beyond our province. The power to appoint to office is an important political power, and can only be exercised by him upon whom it has been conferred, either expressly or by necessary implication.

We conclude, therefore, that the District Court erred in removing the duly elected and qualified trustees, the appellants, though more than two years had elapsed since their election,—the time to choose their successors having passed without any election,—and though the county superintendent had appointed the appellees in their stead. The judgment is consequently reversed and here rendered for appellants, restoring them to office.

*Reversed and rendered.*

Writ of error refused.